GREGORY, Circuit Judge,
dissenting in part:
I fear that under the majority’s rationale, anytime a participant in a drug conspiracy undertakes a financial transaction with money, which cannot be accounted *380 for in his income tax filing, he is assumed to be in a money laundering conspiracy with the other members of the drug conspiracy. Because I believe we must hold the government to its burden of proving a separate agreement to launder illegally-obtained proceeds, I dissent from the majority’s opinion in part III.B.
I.
Boyd was charged with violating 18 U.S.C. § 1956(h), which provides: “Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.” 18 U.S.C.A. § 1956(h) (West 2009). The indictment charged that Boyd conspired to commit an offense under section 1956(a)(1), namely either “promotion money laundering,”[1] id. § 1956(a)(Z )(A)(i), or “concealment money laundering,”[2] id. § 1956(a)(Z )(B)(Z). Therefore, Boyd must have agreed with another person to undertake a financial transaction with the intent to either further the original illegal activity or conceal the proceeds of it.
In order to prove a violation of section 1956(h), the government must show “(1) an agreement to commit money laundering existed between one or more persons; (2) the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy.” United States v. Singh, 518 F.3d 236, 248 (4th Cir.2008) (citing United States v. Alerre, 430 F.3d 681, 693-94 (4th Cir.2005)). No overt act need be shown for the conviction; the agreement alone is sufficient. Whitfield v. United States, 543 U.S. 209, 219, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005). However, overt acts are often helpful in determining whether an agreement is reached in the first place. It is unlikely that the government would have a paper trail which sets out the agreement to launder money. Rather, the agreement most often is inferred from circumstantial evidence tending to show the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir.1996) (holding that because conspiracies are clandestine, resulting in little direct evidence, they are often proven entirely by circumstantial evidence).
The majority concludes that because the overt acts were alleged to be the same in the drug and money laundering charges, the conviction on the drug charges necessarily shows that Boyd additionally conspired with the members of the drug conspiracy to commit money laundering. I, on the other hand, see a fundamental lack of evidence that Boyd agreed with any of the participants in the drug conspiracy to launder money. In a sufficiency of the evidence challenge, we are to draw all reasonable inferences from the evidence in favor of the government. Those inferences, however, must be based on actual evidence, not merely assumptions about the nature of drug trafficking crimes.
Agent David Miller testified for the government as to Boyd’s alleged money laundering activities. His conclusions were based on a review of Boyd’s tax documents and banking records. In essence, Miller *381 testified to discrepancies between Boyd’s spending and the income he reported to the IRS. To do so, Miller examined Boyd’s tax returns, cash deposits, and expenditures.[3] The crux of the government’s money laundering case was a presentation of the real estate investments Boyd made which involved down payments and mortgage obligations greater than the income he reported to the IRS.
The majority concludes that this evidence, along with the evidence proving that Boyd was part of the drug conspiracy, was sufficient to uphold the money laundering conviction. It is telling, however, that the majority never even mentions what evidence shows the agreement between Boyd and another person. Instead, the majority simply concludes that Agent Miller’s testimony was sufficient “to bolster the Government’s showing that the drug traffickers had the specific intent to do something with the proceeds of their drug trafficking activities other than merely spend the money on ordinary living expenses.” Maj. Op. at 373 (emphasis in original). Yet, this is only an assumption that if the defendants had agreed to drug-trafficking, they must have agreed to conceal the proceeds. However, the only evidence of potential money laundering shows that Boyd was undertaking transactions alone. Thus, while the majority resorts to the assumption that the members of the conspiracy must have jointly decided to hide their money, I find a total lack of evidence of any such agreement.
The result of this case, in my opinion, will be to encourage the government to charge a money laundering conspiracy every time a drug trafficking conspiracy is charged if there is evidence that one co-conspirator made any financial transaction. This cannot be what Congress intended in enacting the separate offense of conspiracy to launder money and requiring proof of such an agreement.
II.
Because I find insufficient evidence to sustain Boyd’s conviction for money laundering conspiracy, I would reverse his conviction and remand his case for resentencing.[4]

. Promotion money laundering requires that the government "(1) trace the money at issue to an underlying unlawful activity, and (2) prove that the money was transferred in order to promote a specified unlawful activity.” United States v. Alerre, 430 F.3d 681, 693 (4th Cir.2005).

. Concealment money laundering requires that the government trace the money at issue to the underlying unlawful activity and additionally that the defendant transferred the funds to conceal or disguise their illegal origins. Id. at 693 n. 14.

. Boyd’s main contention on appeal is that Miller did not eliminate other potential sources of income, particularly his wife’s, when concluding that Boyd was spending more than he had in lawful reported assets. While I do not explore this argument in depth given my conclusion about the failure to prove an agreement, I do note that this type of burden shifting, whereby the government can prove a prima facie case of money laundering when the defendant spent more money than he reported, raises troubling constitutional questions when the government has charged money laundering and not tax fraud.

. As the government explains in their submission to the Court after oral argument, see Fed. R.App. Proc. 28(j), if Boyd's money laundering conspiracy conviction was reversed, his sentencing guidelines range on the drug trafficking charges would change from 360 months — life to 292-360 months, thus necessitating his resentencing by the district court.